## MASIAS v STATE OF FLORIDA
### Case No. 88-141-AC
Eleventh Judicial Circuit, Dade County

August 8, 1989

### APPEARANCES OF COUNSEL

**Karen M. Gottlieb,** Assistant Public Defender, for appellant.

Ivy R. Ginsberg, Esquire, Assistant Attorney General, for appellee.

Before FEDER, GREENBAUM, KORNBLUM, JJ.

### OPINION OF THE COURT

KORNBLUM, A.

On September 2, 1987, Officer P. M. Shugrue of the Metropolitan

Dade County Police Department stopped Mr. Masias because his vehicle was weaving. Roadside, Masias agreed to perform the field sobriety tests. Masias failed the tests at the scene and was subsequently transported to a different location where his performance could be videotaped. While being videotaped, Masias was subjected to a second series of sobriety tests including a breathalyzer examination and was advised of his Miranda rights. Masias refused to waive his rights and answer questions. At trial on cross-examination, Officer Shugrue commented upon Defendant's refusal to answer questions and the State's witness, a toxicologist, presented the Court with documentation to substantiate the condition of the breathalyzer machine.

In this appeal, Appellant urges that:

1) The Trial Court erred in denying the Defendant's Motion for Mistrial when the arresting officer commented while testifying as a State's Witness, upon the Defendant's exercise of his fifth amendment right to remain silent.

2) The State committed a discovery violation by failing to show defense counsel the breathalyzer's monthly inspection reports.

3) The Trial Court erred in imposing court costs upon the indigent Defendant without requisite notice and hearing.

At the outset we note that the State conceded error as to the third claim presented. Accordingly, the cause should be remanded to the Trial Court to vacate said order and for appropriate proceedings should the State seek to tax such costs against the Defendant.

As for the first point raised on appeal, Appellant challenges the admission of certain testimony at trial. The Defendant contends that Officer Shugrue's response to defense counsel's question was calculated to prejudice the Defendant in the eyes of the jury. We agree but feel the error was harmless.

Officer Shugrue, who has seventeen years experience, should not have voluntarily commented on the Defendant's refusal to answer questions, in response to a query by defense counsel as to whether the Officer know how much sleep the Defendant had on the night preceding the arrest.

Why is it that career officers find it necessary to support the prosecutor in proving the State's case when in fact it can lead to the loss of the case? Although the Court is sympathetic to the problems of police officers, we cannot in good conscience condone such conduct from officers who know or should know better.

We conclude, however, that reversal is not required in light of the

**15**

Defendant's failure to perform the roadside test and the breathalyzer reading of .12. Moreover, a blood alcohol reading which exceeds .10 establishes prima facia evidence that Defendant was under the influence of alcohol. § 316.1934(2)(c), Florida Statutes. (1985). In view of the strength of the evidence against the Defendant, we doubt that the comment by Officer Shugrue influenced the jury to return a verdict of guilty.

As for the second point raised on appeal, the only duty placed upon the State in this case was to administer the breathalyzer tests in accordance with § 316.1932(1)(f)(1) of the H.R.S. Administrative Rules. These rules do not require the State to prove that the machinery was fit for proper testing in order to prove a prima facia case. Rather, these rules help serve as the predicate for the admissibility of the reading should the Defendant challenge the condition of the equipment. Upon such challenge, there is a duty placed upon the State to show the documentation required by the rules. For these reasons there was no discovery violation.

Finding no reversible error in the record of the trial, we affirm, but remand to vacate the Order Taxing Costs.